■ THE PEOPLE OF THE STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General, et al., Respondents, v AMERICAN MOTOR CLUB, INC., et al., Respondents, and NICHOLAS NEU, Appellant. [618 NYS2d 277] —Modified order and judgment (one paper), Supreme Court, New York County (Phyllis Gangel-Jacob, J.) entered June 10, 1993, which, *inter alia,* pursuant to Insurance Law § 1102 (a), imposed a civil fine of $5,001,000 on respondent Neu, unanimously affirmed, without costs.

The issue of Neu's personal liability has already been decided. As Neu concedes, the only issues before us concern the aggregated nature of the civil penalty and the procedural question as to whether a separate hearing was required for purposes of adducing mitigating factors before imposition of the fine.

Insurance Law § 1102 (a) specifically sets forth the penalties to be imposed with respect to each violation of that article of the Insurance Law. The statute does not provide for any factual findings once the violator's liability has been established, and the court enjoys no statutory discretion to vary those specified penalties. As such, the court below properly imposed the statutory penalties summarily. Since each illegal sale of an insurance contract for which respondent was personally liable constituted a separate violation of the statute, the penalties were properly aggregated. The fact that respondent also was ordered to make restitution, which is exceeded by the present order, is not relevant; section 1102 specifically directs that the civil penalties are to be imposed notwithstanding any other penalties.

Respondent's position, that this constituted only a single violation, arising out of a single contract, albeit involving multiple sales, is illogical and would eviscerate the legislative intent of this statutory scheme. Finally, in this regard, we are governed by the clear and literal phrasing of section 1102, rather than by the authorities, addressing different statutes, submitted by both parties. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Asch, JJ.